IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

APRIL WALKER, LAVONNA
DORSEY, and ALEXUS DIGGS

        Plaintiffs,

      v.

JOHN RAIBLE, *Sergeant*,
ORLANDO
HARPER, *Warden of Allegheny
County Jail,* DAVID ZETWO, *Chief
Deputy Warden*, JASON BEASOM,
*Deputy Warden*, JAMIE MERLINO,
*Captain*, and ALLEGHENY
COUNTY

        Defendants.

Civil Action

No. 2:20-cv-01868-LPL

A JURY TRIAL IS DEMANDED

## Answer

Now Come John Raible, Orlando Harper, David Zetwo, Jamie Merlino and

Allegheny County by Assistant County Solicitor, John A. Bacharach and file their

Answer to the Plaintiffs' Complaint, ECF Doc. 1:

1.     This paragraph is a legal conclusion that requires no response. To the

extent that a response is required, the allegations of this paragraph are denied. By

way of further answer, it is admitted that the Plaintiffs were inmates at the

Allegheny County Jail (ACJ).

2.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, it is denied that the Defendants had knowledge of alleged excessive use of force by Defendant Raible.

3.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

4.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

**Jurisdiction and Venue**

5.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

6.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

7.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

**Parties**

8.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. This paragraph is

also argumentative and not susceptible to being concisely answered. It is admitted, however, that April Walker was an ACJ inmate.

9.      After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.  This paragraph is also argumentative and not susceptible to being concisely answered. It is admitted, however, that LaVonna Dorsey was an ACJ inmate.

10.      After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. This paragraph is also argumentative and not susceptible to being concisely answered. It is admitted, however, that Alexus Diggs was an ACJ inmate.

11.       It is admitted that John Raible is a Sergeant employed at the ACJ. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. This paragraph is also argumentative and not susceptible to being concisely answered. It is denied that John Raible used excessive force.

12.      It is admitted that Orlando Harper is the Warden of the Allegheny County Jail. As to the remaining averments, this paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

13.     It is admitted that David Zetwo is the Chief Deputy Warden of the Allegheny County Jail. As to the remaining averments, this paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

14.     It is admitted that Jason Beasom is the Deputy Warden of Operations of the Allegheny County Jail. As to the remaining averments, this paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

15.     It is admitted that Jamie Merlino is a Captain of the Allegheny County Jail. As to the remaining averments, this paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

16.      It is admitted that Allegheny County operates the ACJ.

**Allegations of Fact.**

17.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is denied that the ACJ uses excessive force.

18.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further

answer, it is admitted that the ACJ uses a restraint chair for inmates who are a threat to themselves, or others and that it was used 339 times in 2019.

19.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

20.     Denied.

21.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, the ACJ provides mental health care to inmates that is reasonable and proper for a jail.

22.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. . This paragraph is also argumentative and not susceptible to being concisely answered. It is, however, denied that the ACJ uses force unreasonably or as punishment.

23.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further response, it is denied that the ACJ uses excessive force against inmates as a matter of policy or custom. It is admitted that chemical agents were used 122 times in 2019.

24.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. . This paragraph is also argumentative and not susceptible to being concisely answered.

25.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, it is denied that the ACJ uses excessive force against inmates as a matter of policy or custom. It is admitted that Tasers were used146 times in 2019.

26.     Denied. By way of further response, it is denied that the ACJ uses excessive force against inmates as a matter of policy or custom.

27.     Denied. By way of further response, it is denied that the ACJ uses excessive force against inmates as a matter of policy or custom. . This paragraph is also argumentative and not susceptible to being concisely answered.

28.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, it is denied that the ACJ uses excessive force against inmates as a matter of policy or custom. It is admitted  however, that the ACJ used a restraint chair 339 times in 2019.

29.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further response, it is denied that the ACJ uses excessive force against inmates as a matter of policy or custom. This paragraph is also argumentative and not susceptible to being concisely answered.

30.     Denied. It is, however, admitted that the restraint chair is used at the ACJ when required for the safety and security of the inmates, the staff or the institution. An inmate is immobilized in the restraint chair.

31.     Denied.  All uses of force are governed by policy and are reviewed for compliance with policy. Use of excessive force or using force as punishment is not permitted.

32.     Denied. The use of the restraint chair is governed by a written policy. The defendants incorporate the policy by reference. Use of excessive force or using force as punishment is not permitted.

33.     Denied. It is admitted that use of force at the ACJ may be planned or unplanned.  The Defendants incorporate the policy by reference.

34.     Denied. It is admitted that use of force at the ACJ may be planned or unplanned. The Defendants incorporate the policy by reference.

35.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, it is denied that the ACJ uses excessive force against inmates as a matter of policy or custom.

36.     Denied. All uses of force are reviewed for compliance with policy.

## Training

37.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

38.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

39.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, the ACJ provides substantial training related to use of force, some of which relates to inmates with mental health conditions. Correctional officers are not medical professionals and do not make medical decisions.

40.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, the ACJ provides substantial training related to use of force, some of which relates to inmates with mental health conditions.

41.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, the ACJ provides substantial training related to use of force, some of which relates to inmates with mental health conditions.

42.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, the ACJ provides substantial training and supervision related to use of force, some of which relates to inmates with mental health conditions.

## Defendant Raible

43.     Admitted.

44.     Defendant Raible often works on Level 4 and at times on Level 5 MD.

45.     Sergeant Raible had some authority regarding use of force by virtue of his rank.

46.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response Sergeant Raible does participate with the Special Emergency Response Team.

47.    After    reasonable    investigation    the    defendants    lack    sufficient information to admit or deny the allegations of this paragraph.

48.    After    reasonable    investigation    the    defendants    lack    sufficient information to admit or deny the allegations of this paragraph. By way or further answer, use of force at the ACJ is governed by policy. All uses of force are reviewed by command staff for compliance with policy. Sergeant Raible denies that he used excessive force against any inmate.

49.    After    reasonable    investigation    the    defendants    lack    sufficient information to admit or deny the allegations of this paragraph. Sergeant Raible denies that he used excessive force against any inmate.

50.    After    reasonable    investigation    the    defendants    lack    sufficient information to admit or deny the allegations of this paragraph.

51.    After    reasonable    investigation    the    defendants    lack    sufficient information to admit or deny the allegations of this paragraph.  Sergeant Raible denies that he used excessive force against any inmate.

52.    After    reasonable    investigation    the    defendants    lack    sufficient information to admit or deny the allegations of this paragraph. By way of further answer, all uses of force are reviewed by Command Staff, but not necessarily by all

of them every time. Sergeant Raible denies that he used excessive force against any inmate.

53,    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

54.    Denied. All uses of force are reviewed by Command Staff, but not necessarily by all of them every time. It is denied that the reviews are superficial or meaningless.

55.    It is denied that Sergeant Raible used excessive force against any inmate. No defendant is aware of unreasonable use of force by Sergeant Raible.

56.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further answer Corrections Officers receive training that is applicable to inmates with mental health problems, but corrections officers are not mental health professionals.

57.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further answer, excessive force against inmates is not condoned or tolerated.

**April Walker**

58.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

59.    Admitted.

60.    After reasonable investigate on the defendants lack sufficient information to admit or deny the allegations of this paragraph.

61.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

62.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

63.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

64.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

65.    Defendant Raible denies that he made no attempt to deescalate.

66.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Defendant Raible

denies that Defendant Raible sprayed Ms. Walker with OC without warning or for several seconds, but he did spray her with OC.

67.     What Defendant Raible believes to be the incident, was recorded and the recording speaks for itself.

68.     Denied.

69.     What Defendant Raible believes to be the incident, was recorded and the recording speaks for itself.

70.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

71.     Ms. Walker was taken to the shower to decontaminate herself.

72.     Denied.

73.     Denied.

74.     After reasonable investigation the defendants lack sufficient information to affirm or deny the allegations of this paragraph. By way of further answer medical clearance is not required for an unplanned use of force.

75.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Medical treatment of inmates is not a corrections decision.

76.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that Ms. Walker was taken to the hospital.

77.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted, however, that Ms. Walker was taken to Allegheny General Hospital.

78.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted, however, that Ms. Walker gave birth on or about July 4, 2019.

79.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

80.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. There is a written report of this incident that speaks for itself.

81.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. There is a written report of this incident that speaks for itself.

82.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is, admitted that a taser was used. There is a written report of this incident that speaks for itself.

83.     Denied. There is a written report of this incident that speaks for itself.

84.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. There is a written report of this incident that speaks for itself.

85.     Denied. There is a written report of this incident that speaks for itself.

86.     Denied. There is a written report of this incident that speaks for itself.

87.     Denied.

88.     Denied, but Ms. Walker was placed in a restraint chair.

89.     Denied.

90.     Denied.  All restraint chair use is clear by medical and mental health staff.

91.     Denied.

92.     Denied. No record of a grievance has been located.

93.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

94.     Denied. All uses of force are reviewed.

95.     All uses of force are reviewed by command staff.

96.      Monthly use of force reports are made to the Pennsylvania Department of Corrections by the ACJ.

**LaVonna Dorsey**

97.     This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is admitted, however, that Ms. Dorsey was an inmate at the ACJ.

98.     After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

99.     Denied.

100.    Denied. The ACJ does not use solitary confinement. It is admitted that Ms. Dorsey was housed on Pod 4F in August 2019.

101.    Inmates on RHU status take their meals in their cell.

102. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. There is a written report of this incident that speaks for itself.

103. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that Ms. Dorsey threatened to spit on an inmate worker.

104. It is admitted that a misconduct was issued to Ms. Dorsey.

105-128. Denied. On August 28, 2019 Sergeant Raible was making rounds when Officers Knight and Fitzwilliam requested assistance because Ms. Dorsey was threatening to spit on those officers while they transferred Inmate Dorsey from cell 202 to 208 for verbally arguing with the inmate housed in Cell 201, disrupting the pod. When Sergeant Raible approached cell 202, occupied by Inmate Dorsey, he gave her a verbal order to place her hands through the wicket to be handcuffed and tethered . Inmate Dorsey refused that order and pointed to her jumpsuit, full of "her property." Sergeant Raible  asked Ms. Dorsey what she had in her jumpsuit and she refused to answer him. Based on her behavior, He unholstered by county issued TASER and ordered Inmate Dorsey to the ground at TASER-point for the safety and security of the jail because he  suspected she may have unknown contraband on her person that could be harmful to herself. Ms. Dorsey complied. Sergeant Raible then

secured Inmate Dorsey with handcuffs; tethered and spit hood applied. Inmate Dorsey was then assisted to her feet and escorted to the shower cage to be strip-searched due to her concealing items inside her jumpsuit, prior to being moved to cell 208. Sergeant Raible stood out of sight during the strip-search However, he observed a black bra and white underwear being thrown at officers through the wicket. He observed the black bra strike Officer Knight in her torso. Due to Inmate Dorsey assaulting Officer Knight, Sergeant Raible came around the corner of the wall into the shower area and administered a two to three second bursts of oleoresin capsicum to Ms. Dorsey's facial area and torso. Inmate Dorsey decontaminated herself for approximately 10 minutes by showering, while officers and staff waited for the restraint chair to arrive. Once secured in the restraint chair, Ms. Dorsey was transferred to intake, cell H9; restraint straps checked for tightness by medical and inmate cleared by medical for any injuries . While occupying cell H9, Inmate Dorsey attempted to remove the current spit hood by chewing on it, resulting in Sergeant Raible re-entering the cell with Officer Bowman so that a new spit hood could be applied.

129. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

130.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Prior clearance was not required to use OC spray under the circumstances.

131.   Denied. Medical treatment is not provided by correctional staff. Sergeant Raible did not deny or restrict medical treatment of the Plaintiff.

132.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. There is no record of an inmate complaint for this incident.

133.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

134.   Denied. Compliance without the use of force was attempted. Medical clearance was not required under the circumstances.

135.   Denied.

## Alexus Diggs

136.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

137.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that Level 5 MD houses inmates who have a mental health diagnosis.

138.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

139.   It is admitted that Ms. Diggs was housed on 5 MD and the she wrote grievances. The documents speak for themselves.

140.   It is admitted that inmates in 5MD are not usually allowed writing utensils in their cells.

141.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

142.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

143.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

144.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

145.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Denied as to Sergeant Raible.

146.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

147.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

148.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. A shower is for decontamination.

149.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

150.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that Ms. Diggs covered her cell door window.

151.   It is admitted that Ms. Diggs was placed in the restraint chair. It is denied that Ms. Diggs was placed in the restraint chair merely because she covered her cell door window.

152.   Denied.

153.   Denied.

154.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

155.   A spit mask was placed on Ms. Diggs as a safety precaution.

156.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

157.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

158.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

159.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. No grievance related to this complaint has been located.

160.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Sergeant Raible is a corrections officer, he is not qualified to conduct mental or physical health evaluations.

161.   Denied all uses of force are reviewed by Command Staff.

## Supervisory Defendants

162.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is admitted, however, that Orlando Harper is the Warden of the ACJ and the highest ranking officer at that facility.

163.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is admitted that Chief Deputy Warden Zetwo has supervisory authority at the ACJ.

164.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is admitted that Deputy Warden Beasom has supervisory authority at the ACJ.

165.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

166.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, the Supervisory Defendants have and will act to correct any unnecessary force against an inmate.

167.    All use of force incidents are reviewed by Command Staff. However, not all Command Staff review all uses of force.

168.    ACJ policy requires uses of force to be documented.

169.    It is admitted that uses of force are reviewed. The review process is described in a written Allegheny County Bureau of Corrections Policy, which is incorporated by reference.

170.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that all uses of force and that some or all of the Supervisory Defendants may review any particular incident.

171.    This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

172.    Uses of force are reported to the Pennsylvania Department of Corrections. The documents speak for themselves.

173.    The ACJ does prepare and submit monthly use of force statistics to the Commonwealth of Pennsylvania. As to the remaining averments of this paragraph, after reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

174.   It is admitted that the Warden causes reports to be submitted to the Allegheny County Jail Oversight Board on a monthly basis.

175.   This paragraph is a legal conclusion and it is argument that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. Moreover, it includes generalizations that cannot be answered. The ACJ grievance process is described in one or more written Allegheny County Bureau of Corrections Policies, which is incorporated by reference.

176.   The ACJ Policy is a writing that speaks for itself.

177.   This paragraph is a legal conclusion and it is argument that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. Moreover, it includes generalizations that cannot be answered. The ACJ use of force policies and investigation policies are writings that speak for themselves.

178.   Denied. The Pennsylvania Administrative Code speaks for itself.

179.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Moreover, this paragraph is argument and not pleading. This information is not documented by Warden Harper personally.

180.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

181.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

182.   This paragraph is a legal conclusion and argument that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

183.   This paragraph is a legal conclusion and argument that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

184.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, uses of force and

185.   Denied. ACJ polices are regularly reviewed and modified. ACJ policies comply with DOC regulations, state law, Federal Law, and ACA standards.

186.   Denied. The ACJ provides regular training to its employees consistent with law and accepted correctional practices.

187.   Denied,

## Count I Fourteen Amendment- Excessive Force
## Defendants Raible and Merlino

188.   All prior paragraphs are incorporated by reference.

189-196.  These paragraphs are legal conclusion that requires no response. To the extent that a response is required, the allegations of these paragraph are denied. By way of further response, Defendants Raible and Merlino (as to Ms. Walker) deny that excessive force was used against Ms. Walker and/or Ms. Dorsey and /or Ms. Diggs under the facts and circumstances existing at that time and place.

## Count II Fourteenth Amendment-Excessive Force
## Defendants Harper, Zetwo and Beasom

197.   All prior paragraphs are incorporated by reference.

198-207      These paragraphs are legal conclusion that requires no response. To the extent that a response is required, the allegations of these paragraph are denied. By way of further response, Defendants Harper, Zetwo and Beasom deny that excessive force was used against Ms. Walker and/or Ms. Dorsey and /or Ms. Diggs under the facts and circumstances existing at that time and place. Proper training was provided to ACJ employees. The ACJ has created and

enforced legal and correct correctional policies. The Defendants provided

reasonable and legal supervision over their subordinate employees.

## Count III: Battery
## Defendant Raible

208.   All prior paragraphs are incorporated by reference.

209-211.   Defendants touching the Plaintiffs was justified or privileged.

## Count IV
## Americans With Disabilities Act
## Defendant Allegheny County

212.   All prior paragraphs are incorporated by reference.

213.   Admitted.

214.   After reasonable investigation the defendants lack sufficient

information to admit or deny the allegations of this paragraph. It is specifically

denied that the ACJ discriminated against the Plaintiffs or did not reasonably

accommodate their alleged disabilities.

215.   This paragraph is a legal conclusion that requires no response. To the

extent that a response is required, the allegations of this paragraph are denied. It is

specifically denied that the ACJ discriminated against the Plaintiffs or did not

reasonably accommodate their alleged disabilities.

216.   This paragraph is a legal conclusion that requires no response. To the

extent that a response is required, the allegations of this paragraph are denied. It is

specifically denied that the ACJ discriminated against the Plaintiffs or did not reasonably accommodate their alleged disabilities.

217.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is specifically denied that the ACJ discriminated against the Plaintiffs or did not reasonably accommodate their alleged disabilities.

218.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is specifically denied that the ACJ discriminated against the Plaintiffs or did not reasonably accommodate their alleged disabilities.

219.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is specifically denied that the ACJ discriminated against the Plaintiffs or did not reasonably accommodate their alleged disabilities.

220.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is specifically denied that the ACJ discriminated against the Plaintiffs or did not reasonably accommodate their alleged disabilities.

221.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By

way of further Answer inmates with mental health disabilities are not denied

writing implements they have denied them in their cells for safety and security

reasons.

222.   Denied. This paragraph is an aggregation of opinions and arguments

that cannot be concisely answered. As the opinions and arguments, not answer is

necessary. To the extent that any answer is required, the allegations of this

paragraph are denied. It is specifically denied that the ACJ discriminated against

the Plaintiffs or did not reasonably accommodate their disabilities.

223.   After reasonable investigation the defendants lack sufficient

information to admit or deny the allegations of this paragraph.

**Count V- Rehabilitation Act**
**Defendant Allegheny County**

224.    All prior paragraphs are incorporated by reference.

225.   After reasonable investigation the defendants lack sufficient

information to admit or deny the allegations of this paragraph.

226-235.      The Defendants incorporate their answers to Count IV. The

Rehabilitation Act and the Americans With Disabilities Act regulate the same

conduct and are governed by the same elements, except for the Rehabilitation

Act's requirement that the public entity receive Federal Funding.

## Other Defenses

236.   The Defendants incorporate the foregoing paragraphs as though set forth completely herein.

237.   Plaintiffs have failed to establish, and cannot establish, proper subject-matter jurisdiction to sustain this suit.

238.   Plaintiffs have failed to state facts showing, and cannot establish facts showing, that the Defendants acted under color of state, local or federal statute, ordinance, custom, policy, regulation, usage, law, or authority in a way violating any due process rights, other constitutional rights, or other legal rights had by Plaintiffs.

239.   Plaintiffs have failed to establish, and cannot establish, that the Defendants implemented or followed any unconstitutional customs or policies, that any Defendant knew of, should have known of, or acquiesced in, any unconstitutional conduct, customs, or policies, or that the Defendants engaged in any constitutional conduct in any way whatsoever.

240.   The Defendants engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that interfered with Plaintiffs' constitutional/legal rights while in the ACJ, that violated Plaintiffs' constitutional/legal rights, and/or that violated any duties the Defendants had to Plaintiffs.

241.   The Defendants engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that caused Plaintiffs any harms, injuries, or damages.

242.   The Defendants were not recklessly indifferent to, or deliberately indifferent to, Plaintiffs' needs and/or rights.

243.   At no time did the Defendants act in any way that could be deemed negligent, reckless, or recklessly, deliberately, or intentionally indifferent to Plaintiffs' constitutional rights and/or other legal rights.

244.   Plaintiffs have failed to state a claim, and cannot establish a claim, entitling Plaintiffs to judgment against, or entitling Plaintiffs to recover any damages, attorneys' fees, or costs from, any County Defendant.

245.   Plaintiffs have failed to state a claim, and cannot establish a claim, of any civil rights violation or other violation by the Defendants.

246.   Plaintiffs have otherwise failed to state any claim, and cannot establish any claim, upon which relief can be granted against the Defendants under the Fourteenth Amendment to the U.S. Constitution, the Eighth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, any other provision of the U.S. Constitution, 42 U.S.C. §§ 1983, 1988, any U.S. civil rights act and/or amendments thereto, any other federal laws or provisions, any provision

of the Pennsylvania Constitution, any other Pennsylvania laws or provisions, or any other legal or equitable authority of any type whatsoever.

247.   The individual defendants are entitled to qualified immunity from suit and/or from liability in this case.

248.   At all times relevant hereto, the Defendants took appropriate actions and used appropriate customs, directives, policies, practices, procedures, and protocols to protect Plaintiffs' rights while at the ACJ and to meet all duties the Defendants had to Plaintiffs.

249.   The Defendants met all their constitutional and statutory duties vis-à-vis Plaintiffs.

250.   Plaintiffs failed to seek redress of Plaintiffs' grievances through the federal and/or Pennsylvania laws relating to prison litigation reform.

251.   Plaintiffs have otherwise failed to exhaust his administrative remedies.

252.   Plaintiffs have procedurally defaulted on his claims in this suit.

253.   Plaintiffs have otherwise waived all claims against the Defendants.

254.   Plaintiffs' suit is barred wholly or in part by the applicable statute of limitations.

255.   Plaintiffs' suit is barred by laches.

256.    Plaintiffs' suit and requests for damages are otherwise barred by law and/or equity.

257.    To the extent not already pled by the Defendants, these Defendants asserts that Plaintiffs cannot demonstrate any conduct, policy, harm, injury, or damage constituting a constitutional violation and/or establishing a right to relief.

258.    The Defendants are entitled to recover from Plaintiffs all attorneys' fees and costs incurred by the County in defending this suit.

259.    The policy and custom of Allegheny County was to provide inmates of the Allegheny County Jail with reasonable and necessary medical care and to accommodate disabled inmates.

260.    The Defendants provided Plaintiffs with due process of law.

261.    The Plaintiffs failed to mitigate their alleged damages.

262.    The actions of the Defendants were not the cause in fact or the proximate cause of the Plaintiffs' alleged injuries or damages.

263.    The Defendants reserve the right to raise all other defenses available under any and all applicable laws by amending his answer and affirmative defenses and/or by raising such other defenses at the summary judgment stage of this case and/or by raising such other defenses at the trial of this case.

264. The Plaintiffs voluntarily assumed a known risk of injury.

## Class Certification

265. Class certification must be denied because

a. the class is not so numerous that joinder of all members is impracticable;

b. the claims or defenses of the representative parties are not typical of the claims or defenses of the class;

c. the representative parties will not fairly and adequately protect the interests of the class;

d. prosecuting separate actions by or against individual class members would not create a risk of

(1) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class or

(2) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the   interests of the other members not parties to the individual adjudications or would

substantially impair or impede their ability to protect

their interests;

e. the Defendants have not acted or refused to act on grounds

that apply generally to the class, so that final injunctive relief

or corresponding declaratory relief is appropriate respecting

the class as a whole;

f. questions of law or fact common to class   members do not

predominate over any questions affecting only individual

members; and

g. a class action is not superior to other available methods for

fairly and efficiently adjudicating the controversy.

WHEREFORE, the Defendants demands judgment in its favor against Plaintiffs.  The Defendants also demands all attorneys' fees and all costs incurred by them in defending this suit.

**JURY TRIAL DEMANDED**

Respectfully submitted
/s/John A. Bacharach
Allegheny County Assistant Solicitor
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA  15219
(412) 350-1150